DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| Liberty Credit Services, et al. ) | |
| ) | CASE NO. 5:10-CV-00838 |
| Plaintiffs and ) | |
| Counterclaim Defendants, ) | |
| ) | MEMORANDUM OPINION |
| v. ) | |
| ) | |
| Crystal Yonker ) | |
| ) | |
| Defendant and ) | |
| Counterclaim Plaintiff. ) | |

Before the Court is Crystal Yonker's ("Yonker") Motion to Remand (Doc. 11) and Slovin & Associates Co. LPA, Randy Slovin, and Brad Council's ("Slovin") Motion to Stay Proceedings (Doc. 12). Based on the discussion that follows, the Court DENIES Slovin's Motion to Stay Proceedings and GRANTS Yonker's Motion to Remand.

**I. Background**

On March 17, 2009, Liberty Credit Services ("Liberty"), as an assignee of or successor in interest to Capital One, filed a complaint in the Portage County Municipal Court against Yonker to collect a debt of $517.18 that Liberty claimed Yonker owed on a line of credit. (Doc. 1-1 at 1.) Liberty later amended its Complaint to include a number of documents to establish the amount of the debt and demonstrate that Capital One provided Yonker with notice of the obligation. (Doc. 1-2 at 3-9). On March 9, 2010, Yonker filed an Amended Answer denying all of the allegations in Liberty's Complaint and asserting a counterclaim against Liberty, Slovin, and John Does 1-10, alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692; the Ohio Consumer Sales Practices Act, Ohio Revised Code 1345.01; fraud; defamation; abuse of process;

and civil conspiracy. (Doc. 1-3 at 14-15). Yonker further asserted a class action against Liberty, Slovin, and John Does 1-10 claiming a violation of the Fair Debt Collection Practices Act; deceptive, unfair, or unconscionable acts; abuse of process; fraud; civil conspiracy; and defamation. (Doc. 1-3 at 9-13). On April 6, 2010, the Portage County Municipal Court entered a judgment transferring the case to the Portage County Court of Common Pleas due to fact that the Yonker's prayer for relief in her counterclaim exceeded the Municipal Court's monetary jurisdictional limit. (Doc. 1 at 2-3.)

On April 21, 2010, Slovin filed a Notice of Removal from the Portage County Court of Common Pleas, clearly citing the Class Action Fairness Act ("CAFA") of 2005 as a ground for removal.[1] (Doc. 1 at 3.) Yonker thereafter filed a Motion to Remand on May 20, 2010. (Doc. 11.) In response, Slovin filed a brief in opposition to Yonker's motion and a motion to stay proceedings pending result of the result of the appeal of *Deutsche Bank National Trust Company v. Weickert*, 638 F. Supp. 2d 826 (N.D. Ohio 2009) to the Sixth Circuit. (Doc. 12). After Slovin's pleading, Liberty, the original plaintiff in the case, filed a memorandum in opposition to Yonker's motion to remand, which adopted and incorporated Slovin's brief in opposition to

---

[1] Slovin begins Section II of their Notice of Removal by stating that "[t]he first ground for removal is based upon the Class Action Fairness Act of 2005," but then do not go on to identify expressly another source of statutory authority for removal. (Doc.1 at 3.) In Section II of the Notice of Removal ("Conclusion"), Slovin mentions 28 U.S.C. § 1441(a), but Slovin's discussion of their reliance on this provision is unclear. In her Motion to Remand, Yonker nonetheless argues that neither § 1453(b) nor § 1441(a) grants Slovin the right to remove the case. (Doc. 11 at 3-7.) Since Slovin's Brief in Opposition to Third-Party Plaintiff's Motion to Remand and Motion to Stay Proceedings, (Doc. 12), makes no mention of § 1441(a) as a source of removal authority, the Court will presume that Slovin's reference to that provision in the conclusion of their Notice of Removal was erroneous.

Yonker's motion. (Doc. 13.) Finally, on June 12, 2010, Yonker filed a Reply Memorandum in Support of her Motion to Remand. (Doc. 14.)

**III. Discussion**

**A. Proper Designation of Slovin**

Before addressing Slovin's right to remove this action to federal court, the Court first must address Slovin's designation as a party to this action, as this issue may affect their ability to remove the case. As the First Amended Complaint clearly sets forth, Liberty is the original plaintiff in this action and Yonker is the original defendant. (Doc. 1-2 at 1.) The parties apparently disagree, however, about the effect that Yonker's counterclaim has on Slovin's designation. In her Motion to Remand, Yonker refers to Slovin as "counterclaim-defendants." (Doc. 11 at 2.) To the contrary, Slovin refer to themselves as "third-party defendants" in their Notice of Removal, Answer, and Brief in Opposition to Third-Party Plaintiff's Motion to Remand and Motion to Stay Proceedings (Docs. 1, 3, 12.)

Slovin's proper designation in this action is that of counterclaim defendants. Yonker joined Slovin as a party to her counterclaim in accordance with Ohio Civil Rules 13(H) and 20. (Doc.11 at 2). Ohio Civil Rule 13 regulates counterclaims and cross-claims and Ohio Civil Rule 20 governs permissive party joinder. Yonker did not invoke Ohio Civil Rule 14, which outlines third-party practice. If she had joined Slovin under Rule 14, making Slovin third-party defendants, such joinder would only be proper if Slovin "is or may be liable to [Yonker] for all or part of the plaintiff's claim against [Yonker]." Civ. R. 14. Yonker does not seek indemnification or contribution from Slovin and, therefore, Slovin cannot be a third-party defendants. *See Wells Fargo Bank v. Gilleland*, 621 F. Supp. 2d 545 (N.D. Ohio 2009) (holding

that neither § 1441(a) nor § 1453(b) allowed a counterclaim defendant to remove). Furthermore, the Court acknowledges that Slovin's motion to stay proceedings is dependent upon what Slovin identifies as some disparity in this district's rulings on the ability of counterclaim defendants to remove an action to federal court. (Doc. 12 at 2). The Court assumes that Slovin identified themselves as third-party defendants only to emphasize that they are counterclaim defendants who were not original plaintiffs in the suit. For clarity, then, the Court will refer to Slovin hereafter as "additional counter-defendants." *See Palisades Collections LLC v. Shorts*, 552 F.3d 327, 328 (4th Cir. 2008).

**B. Standard of Decision**

Chapter 89 of Title 28 of the United States Code governs the removal of cases from state courts to federal courts. Its 14 sections grant parties in a number of types of actions the right to have their cases tried in a federal court according to certain conditions and a defined set of procedures and processes. In *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S. Ct. 868, 872 (1941), the Supreme Court, holding that a plaintiff could not remove an action filed in state court in response to a defendant's counterclaim, announced the appropriate interpretive lens through which courts should read these removal statues. In affirming the Fifth Circuit's decision, the *Shamrock Oil* court explained that the legislative history of the general removal statute demonstrated that Congress did not intend to confer the right to remove upon "either party," but rather only on the "defendant or defendants." *Id.* at 106, 61 S. Ct. 871. The Court added that "the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation" because "'[d]ue respect for the rightful independence of state governments, which should actuate federal courts requires that they

4

scrupulously confine their own jurisdiction to the precise limits which the statute has defined.'" *Id.* At 108, 61 S. Ct. 868, 872 (quoting *Healy v. Ratta*, 292 U.S. 263, 270, 54 S. Ct 700, 70 (1934)). The Supreme Court has not limited *Shamrock Oil*'s principle of strict construction to the general removal statute, now § 1441, but has suggested that it applies it to § 1446, *see Murphy Brothers, Inc v. Michetti Pipe Stringing, Inc.*, 526 U.S. 334, 357, 119 S. Ct. 1332, 1330 (Rehnquist, C.J., dissenting) ("In so doing, it departs from this Court's practice of strictly construing removal and similar jurisdictional statutes."), and has intimated that it is equally appropriate for all of Chapter 89. *See Breuer v. Jim's Concrete of Brevard*, 535 U.S. 691, 697, 123 S. Ct. 1882, 1886 (2003) (paraphrasing the scope of the *Shamrock* principle to extend to all "removal legislation"); *Beneficial National Bank v. Anderson*, 539 U.S. 1, 123 S. Ct. 2058 (2003) (Scalia, J., dissenting) ("And in [*Shamrock*] we insisted upon a 'strict construction' of the federal removal statutes."); *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32, 123 S. Ct. 366, 369 (2002) (The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown under some act of Congress. *Great Northern R. Co. v. Alexander*, 246 U.S. 276, 280, 38 S. Ct. 237, 239 (1918) [citation omitted]. These statutory procedures for removal are to be strictly construed.").

**C. Analysis**

      Section 1453(b) of Title 28 of the United States Code provides that:

A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(b) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.

5

If the Court can construe the phrase "any defendant" in this provision to include additional counter-defendants, then this section would grant Slovin the right to remove this action, assuming that Slovin are able to meet the criteria of 28 U.S.C. § 1332(d). If, however, the Court is unable to conclude that additional counter-defendants fall within the meaning of § 1453(b)'s "any defendant," then Slovin will not have the statutory authority necessary to remove this action, regardless of whether it can establish § 1332(d)'s requirements.

In their attempts to convince the Court to accept their proffered interpretations of § 1453(b), Slovin and Yonker focus their respective arguments on different parts of speech within this phrase of the provision's text. Slovin urges the Court to pay special attention to the adjective "any" preceding the noun "defendants" each time it appears in § 1453(b). The distinction between Congress's use of this adjective in § 1453(b) and its use of the definite article preceding "defendant" and "defendants" in § 1441(a), in light of the legislative purpose of CAFA, according to Slovin, compels the conclusion that § 1453(b) grants additional counter-defendants the statutory authority to remove cases to federal district courts. Yonker, on the other hand, argues that the Court should concentrate on the noun "defendant" rather than its modifier. Yonker would have the Court find that the consistent meaning of this noun throughout Chapter 89 of the United States Code precludes an interpretation of § 1453(b) that grants additional counter-defendants a removal right.

To support its position, Slovin adopts the reasoning of *Deutsche Bank National Trust Company v. Weickert*, 638 F. Supp. 2d 826 (N.D. Ohio 2009), in which Judge

6

Zouhary of this district held that CAFA provides additional counter-defendants with removal authority. After acknowledging that neither the Supreme Court nor the Sixth Circuit have spoken on the way in which § 1453(b) "impacts" § 1441(a), Judge Zouhary noted that "[c]ertainly there is a tension between the two statutes: CAFA uses the phrase "*any* defendant" while Section 1441(a) uses the phrase "*the* defendant or *the* defendants." *Id.* at 828. For Judge Zouhary, the dissenting opinion of Judge Niemeyer to the Fourth Circuit's *Shorts* decision best explains the significance of this "tension." *Id* at 829. In *Shorts*, a collection agency filed suit in state court against an individual to collect a debt on a cellular phone service contract. *Id*. The individual defendant subsequently filed a class action counterclaim against the collection agency and the phone service provider. *Id* After the phone service provider removed the case to federal district court, the district court remanded the action to state court, concluding that § 1441(a) and § 1453(b) only conferred removal authority on "defendants in the traditional sense of parties against whom the [original] plaintiff asserts claims" and not on additional counter-defendants like the phone service provider. *Shorts*, 552 F.3d at 333-34 (quoting *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 462-63 (6th Cir. 2002)). Dissenting from the majority's affirmance of this ruling, Judge Niemeyer, in light of Congress's purpose to "expand federal diversity jurisdiction in qualifying class actions," looked to the Supreme Court's definition of "any" in *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 128 S. Ct. 831 (2008), as "one or some indiscriminately of whatever kind" and concluded that "[a] counterclaim defendant is certainly a 'kind' of defendant and falls easily within 'indiscriminately of whatever kind' of defendant." *Weickert*, 638 F. Supp. 2d at 829.

7

Alternatively, Yonker suggests that *Capital One Bank (USA) v. Jones*, No. 1:09-CV-2833, 2010 WL 1258110, at *3 (N.D. Ohio March 29, 2010), in which Judge Gwin held that CAFA did not grant additional counter-defendants the right to remove, represents a superior analysis of the scope of § 1453(b). In *Jones*, a bank brought a collection action against a customer on a credit card debt. *Id* at *1. In response, the customer filed a class action counterclaim against both the bank and its counsel, alleging that the bank and the law firm routinely attempted to collect time-barred consumer debts in violation of state law and the federal Fair Debt Collection Practices Act. *Id.* The law firm then removed the case to the United States District Court for the Northern District of Ohio, citing both § 1441(a) and § 1453(b) as sources of removal authority. *Id.* After applying the reasoning of the Supreme Court in *Shamrock Oil* and the Sixth Circuit in *Curry* to conclude that § 1441(a) did not grant counterclaim defendants the right to remove, Judge Gwin found that the majority's opinion in *Shorts* and Judge Katz's opinion in *Gilleland* were "better-reasoned" decisions than *Weickert* and concluded that the plain language and the statutory structure of § 1453(b) did not allow additional counter-defendants to remove. *Id.* at *3-*4.

This Court accepts Yonker's argument that *Jones*–and, accordingly, *Gilleland* and *Shorts*–contains the more convincing analysis of the scope of § 1453(b)'s removal right. In light of *Shamrock Oil's* principle that courts must construe removal statutes strictly, the Court cannot accept Slovin's argument that the addition of an adjective dramatically expands the definition of a noun that the Supreme Court and the Sixth Circuit have found to have a specific and limited meaning in other sections Chapter 89. *See Shamrock Oil*,

8

313 U.S. at 106, 61 S. Ct. at 871; *Curry* 301 F.3d at 462-463.  The Court accepts the Supreme Court's "expansive" *Ali* definition of "any" to mean "'one or some indiscriminately of whatever kind,'" 552 U.S.at 219, 128 S. Ct. at 836, but cannot follow Judge Niemeyer's *Shorts* dissent, as *Weickert* does, to conclude that "a counterclaim defendant is certainly a 'kind' of defendant." In interpreting § 1441(a), § 1446, and §1453(b), the Supreme Court, the Sixth Circuit, and the Fourth Circuit have defined "defendant" to refer only to "defendants in the traditional sense of parties against whom the [original] plaintiff asserts claims." *Shorts*, 552 F.3d at 333-34 (quoting *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 462-63 (6th Cir. 2002)). As *Jones* explains, "Congress's choice of a word with a settled legal meaning usually indicates its intent to adopt that meaning-especially when it has shown elsewhere that it knows how to use a different word to extend the reach of removal statutes," i.e. by granting removal authority to "a party" in 28 U.S.C. § 1452(a). 2010 WL 1258110, at *2. Furthermore, the fact that § 1453(b) contains a reference to § 1446 makes it even more difficult to accept the notion that the noun carries a different meaning in each of these provisions. *Id.* at *3. Therefore, this Court finds that Congress intended § 1453(b)'s "any defendant" to include one of the parties against whom the original plaintiff asserts a claim, whether that party is an individual, corporation, partnership, government agency, or other organization.

This construction is in keeping with *Shamrock Oil's* interpretive principle and the legislative purpose of CAFA. The Court recognizes that the legislative purpose of CAFA was to expand federal jurisdiction over class actions. *See Jones*, 2010 Wl 1258110, at *4; *Weickert*, 638 F. Supp. 2d at 829-830; *Gilleland*, 621 F. Supp. 2d at 549; *Shorts*, 552

9

F.3d at 331. As the provision's text makes clear, § 1453(b) accomplishes this legislative purpose by:

> eliminat[ing] at least three of the traditional limitations on removal: (1) the rule that, in a diversity case, a defendant cannot remove a case from its home forum, § 1441(b); (2) the rule that a defendant cannot remove a diversity case once it has been pending in state court for more than a year, § 1446 (b); and (3) the rule that all defendants must consent to removal.

*Shorts*, 552 F.3d at 331-32. Lifting these restraints on a defendant's ability to remove qualifying class actions to federal court reflects the legislative intent of CAFA. While taking the additional step to conclude that the language "any defendant" in § 1453(b) includes parties other than those against whom the original plaintiff filed a compliant would also be consistent with this goal, to do so would violate the *Shamrock Oil* principle in that it would involve a broad interpretation of "defendant" to include additional counter-defendants, which the weight of authority has rejected. *See Shorts*, 552 F.3d 327, *Gilleland*, 621 F. Supp. 2d 545, *Jones*, 2010 WL 1258110.

Since the Court agrees with the *Jones* analysis of this issue, it finds no need, just as Judge Gwin did not, to stay these proceedings until the Sixth Circuit decides the *Weickert* appeal. *See Jones*, 2010 WL 1258110, at *4. As the Court has mentioned, *Shamrock Oil* and *Curry* demonstrate that Slovin's interpretation of § 1453(b) does not comport with "existing Sixth Circuit case law and established principles of statutory construction." *Id.*

**III. Conclusion**

Because the Court finds that construing the adjective "any" in § 1453(b)'s "any defendant" to change the meaning of "defendant" in the context of a removal statute

10

would violate the *Shamrock Oil* principle of strict construction, the Court denies Slovin's motion to stay proceedings and grants Yonker's motion to remand. The Court remands this case to the Portage County Court of Common Pleas.

     IT IS SO ORDERED.


June 29, 2010                                    *s/ David D. Dowd, Jr.*
Date                                            David D. Dowd, Jr.
                                                   U.S. District Judge